UNITED STATES of America,
Plaintiff,

v.

Carlos APONTE–SOBRADO, Jose
Vizcarrondo–Casanova, Erik
Diaz–Colon, Defendants.

Criminal No. 09–228 (FAB).

United States District Court,
D. Puerto Rico.

Sept. 6, 2011.

Antonio R. Bazan–Gonzalez, Jose A. Contreras, United States Attorneys Office, San Juan, PR, for Plaintiff.

Hector A. Deliz, Deliz & Torres Gonzalez Law Office, San Juan, PR, Juan F. Matos–De–Juan, Guaynabo, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On September 6, 2011, the government filed a motion to admit crime scene photographs (Government Exhibits for Identification 77, 78 and 79) of the victim at trial. (Docket No. 694.) On the same day, defendant Jose Vizcarrondo–Casanova ("Vizcarrondo") filed an opposition to the government's motion. (Docket No. 696.) At trial the Government moved to admit autopsy photographs of the victim (Government Exhibits for Identification 80 through 95). The briefs that the parties have filed and the argument presented at trial are regarding the admissibility of photographs 77, 78 and 79 under Federal Rule of Evidence 403, which reads:

"Although relevant, evidence may be excluded if its probative value is substan-

tially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

■■■ Under this rule, the relevant inquiry is whether the evidence's "probative value is substantially outweighed by the danger of *unfair* prejudice." *United States v. Varoudakis,* 233 F.3d 113, 121–22 (1st Cir.2000) (emphasis added). A district court's balancing determination of the probative value of evidence versus its unfair prejudicial effect is entitled to deference. *Id.*

The Court held a hearing to discuss the admissibility of numbers 80 through 95.

The government maintains that the photographs are relevant for three main purposes: (1) they are probative to show the extent of decomposition of the victim's body, which is relevant to explain the lack of noticeable injuries; (2) they corroborate how the body was disposed of and the location where it was dumped; and (3) they rebut the defendants' claim that the finding of the cause of death made by the forensic pathologist that the government will present as its expert witness is inconsistent with the physical findings described in the autopsy report. (Docket No. 694 at 3–4.) Defendant Vizcarrondo responds with the following arguments: (1) there are other less prejudicial means of conveying the points which the government intends to convey to the jury; (2) the issue of how the body was disposed of has never been in controversy; and (3) the government's intention to rebut the defendant's claim that the cause of death finding made by the pathologist is inconsistent with the autopsy report is premature. (Docket No. 696 at 3–4.)

■■■ The photographs are "significantly probative of [a] material issue[ ]" in this case, specifically regarding the hotly contested issue of how decomposition could explain the lack of noticeable injuries on the victim's body. *See United States v. Sampson,* 486 F.3d 13, 43 (1st Cir.2007). The photographs further serve to "corroborate[ ] and clarif[y] testimony regarding the discovery of the bodies and the gathering of evidence." *Id.* Finally, "the [ ] photographs shed light [ ] [that] the manner in which [the] victim was killed" was not evident from the autopsy. *Cf. Id.* Defendants' argument that the government had other means of making these points to the jury is unavailing, because it is well-settled that the government, within reason, "is entitled to present its case through evidence it deems most appropriate." *Id.* (citing *Old Chief v. United States,* 519 U.S. 172, 187–88, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)). While the photographs may be gory and somewhat gruesome, this does not necessarily mean that they should be excluded from evidence. *Id.* ("[T]he evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance.") In response to defendant's concerns of potential prejudice flowing from the gruesomeness of the photographs, the Court will issue appropriate limiting instructions. *Id.* (District court did not abuse its discretion where it "excluded much evidence, redacted other evidence, gave appropriate limiting instructions, and saw to it that admitted photographs were displayed circumspectly to the jury.") The government seeks to admit three photographs from the crime scene, and has chosen the three photographs for the specific, intelligible purposes of showing the condition of the body when it was found and the effects of decomposition on the body. The defense has indicated that it has no objection to the admissibility of numbers 79, 80, 84, 89, 90, 93 and 94, so they are admitted

without objection. The government has withdrawn the use of numbers 85, 87, 88 and 95. The Court finds that the probative value of the remaining photographs (except for numbers 78 and 91) is not substantially outweighed by the danger of unfair prejudice; therefore, the government's motion to admit numbers 77, 81, 82, 83 and 92 into evidence is **GRANTED.** The government's motion to admit numbers 78 and 91 into evidence is **DENIED.**

**IT IS SO ORDERED.**